UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2015 AUG 17  P 12: 37

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JAMES BRAZELL,            )
                          )
    Plaintiff,            )
                          )    Civil Action No. 3:15-cv-600
v.                        )
                          )
SMOKEY PIG BARBECUE #1, INC., )
a Foreign Corporation,    )
                          )
    Defendant.            )
                          )

## COMPLAINT

Plaintiff, JAMES BRAZELL, through undersigned counsel, hereby files this Complaint and sues SMOKEY PIG BARBECUE #1, INC., for injunctive relief, attorneys' fees, litigation expenses and costs pursuant to 42 U.S.C. § 12181 *et. seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA"), and alleges:

### JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et. seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2.  Venue is proper in the Middle District of Alabama pursuant to 28 U.S.C § 1391(b) in that all events giving rise to this lawsuit occurred in this District,

1

specifically Russell County.

3. At the time of the Plaintiff's visits to the subject Smokey Pig BBQ location, prior to instituting the instant action, JAMES BRAZELL (hereinafter referred to as "BRAZELL" or "PLAINTIFF") was a resident of the State of Alabama, suffered from what constitutes a "qualified disability" under the ADA, and used a wheelchair for mobility. As a result of complications stemming from multiple strokes, the first and most severe being a hemorrhagic stroke in 2011, BRAZELL suffers from a debilitating lack of muscle control and severe muscle weakness. BRAZELL is bound to a wheelchair as his condition absolutely inhibits the major life activity of walking and substantially limits him in the exercise of normal bodily functions. Prior to filing this lawsuit, the Plaintiff personally visited the subject Smokey Pig BBQ location, at 1502 Opelika Road, Phenix City, Alabama, but was denied full and equal access to, and full and equal enjoyment of, the facilities within and about the subject location, which is the subject of this lawsuit.

4. The Defendant, SMOKEY PIG BARBECUE #1, INC., a Foreign Corporation, is authorized to conduct, and is conducting, business within the State of Alabama. Upon information and belief, Defendant SMOKEY PIG BARBECUE #1, INC., (herein elsewhere referred to as "DEFENDANT") is the owner/operator of the facility which is the subject of this action, the restaurant known as Smokey Pig BBQ, located at 1502 Opelika Road, Phenix City, Alabama. As such, SMOKEY

PIG BARBECUE #1, INC., maintains control over the subject location and at all times relevant hereto participated in the design, construction and/or decisions regarding any subsequent necessary and/or required modifications of same.

5. All events giving rise to this lawsuit occurred in the State of Alabama. Venue is proper in this Court as the premises are located in Phenix City, Russell County in the Middle District, Eastern Division.

## COUNT I – VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et. seq.*, wherein commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508(a).

7. As a result of the enactment of the ADA on or about July 26, 1990, and the subsequent effective date of this same Act on or about January 26, 1992, the Defendant's violations of this Act as alleged herein by the Plaintiff are intentional violations of Title III of the ADA and intentional acts of discrimination against the Plaintiff.

8. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the facility where Smokey Pig BBQ is located at 1502 Opelika Road, Phenix City, Alabama is a place of public accommodation; to wit: a restaurant providing food and beverages,

and other restaurant related merchandise and services to the public.

9. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the building, parking facilities, and/or facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

10. Defendant has discriminated, and continues to discriminate, against the Plaintiff, and others who are similarly situated, by denying equal access to, and full sand equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at Smokey Pig BBQ located at the subject facility owned, controlled, and maintained by the Defendant, SMOKEY PIG BARBECUE #1, INC., in derogation of 42 U.S.C. § 12101 *et. seq.,* and as prohibited by 42 U.S.C. § 12182 *et. seq.,* and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(a)(iv), where such removal is readily achievable.

11. The Plaintiff has been unable to and continues to be unable to enjoy equal access to, and the benefits of equal services at the subject location owned, controlled, and maintained by the Defendant. Prior to the filing of this lawsuit, the Plaintiff visited the subject property and was denied full, safe, and equal access to all of the benefits, accommodations and services offered within and about the subject facility owned, controlled, and maintained by Defendant, SMOKEY PIG BARBECUE #1, INC. The Plaintiff's access was inhibited by and he personally encountered each of the described barriers to equal access detailed in this Complaint

which remain at the subject location in violation of the ADA. Because of the foregoing, the Plaintiff has suffered an injury-in-fact in precisely the manner and form that the ADA was enacted to guard against.

12. The Plaintiff resides near the area where the subject facility is located and frequently travels to the area of the subject facility.

13. The Plaintiff continues to desire and intends to visit the subject Smokey Pig BBQ in Phenix City, Alabama in the future with the same frequency as he has previously but continues to be injured in that he is unable to enjoy equal access and continues to be discriminated against due to the barriers to equal access that remain at and about the subject location in violation of the ADA. Absent remedial action by the Defendant, Plaintiff will continue to encounter the architectural barriers to equal access described herein and as a result, be discriminated against by Defendant on the basis of his disability. Plaintiff has been discriminated against and continues to have reasonable grounds for believing that he will be discriminated against in the future because of the Defendant's continuing deliberate and knowing violations of the ADA. Due to the definiteness of his future plans to visit the subject facility, there exists a genuine threat of imminent future injury.

14. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

15. The Defendant's subject facility is in violation of 42 U.S.C. § 12181 *et. seq.*, the ADA and 28 C.F.R. § 36.302 *et. seq.*, and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   a. Failure to provide adequately compliant accessible parking within the parking lot which meet the requirements of accessible parking under the ADA, including but not limited to failing to:

      i. provide accessible parking designated as such with ADA compliant signage which displays the International Symbol of Accessibility in an upright position in front of the existing designated accessible space such that it cannot be obscured by a vehicle parked in the space.

      ii. provide an ADA compliant space properly designated as van accessible with the requisite minimum width access aisle for a van accessible space.

   b. The existing ramp does not meet the minimum design specifications for an ADA compliant and accessible ramp with smooth transitions free of abrupt change.

   c. Failure to provide an accessible entrance and exit due, in part, to the failure to provide an ADA compliant door threshold to allow equal access for persons in wheelchairs.

    d. Failure to construct and/or modify restrooms for accessibility, including failing to:

        i. provide an unobstructed accessible route to the restroom.

        ii. provide equal access to the restroom due to the width of the doorway situated within the path to the restroom failing to comply with the minimum width required for unobstructed access to persons in wheelchairs.

        iii. construct and/or rearrange walls, doors, toilet and lavatory to increase maneuvering space and proper accessibility for the disabled.

        iv. provide a water closet with its centerline no greater than 18 inches from the adjacent side wall.

        v. provide a water closet which sits no lower than 17 inches from the bottom of the floor when measured to the top of the seat.

        vi. provide flush controls mounted on the open side of the water closet.

        vii. provide a rear grab bar at least 36 inches long along the rear wall which extends at least 24 inches on the open side of the water closet.

        viii. provide a sidewall grab bar at least 42 inches long along the

        side wall nearest the water closet.

    ix. provide insulated pipes beneath the lavatory.

    x. position the paper towel dispensers with operable parts within the requisite reach requirement for access over an obstruction (i.e., the lavatory) to persons bound to wheelchairs.

  e. The existing self-service food, beverage, condiments, and tableware dispensers are not placed, constructed, and/or configured such as to be within acceptable reach requirements applicable to the present positioning of same.

  f. Failure to provide at least a 60 inch wide section of the cashier/sales counter which is no higher than 36 inches above the floor extending the same depth as the rest of the counter top.

16.   There are other current barriers to equal access and violations of the ADA which affect persons which require wheelchairs for mobility, such as the plaintiff, that exist at the subject facility which have not been specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only after a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

17.   To date, the barriers identified herein and other violations of the ADA still exist at the subject facility and have not been remedied or altered in such a way

as to effectuate compliance with the provisions of the ADA.

18. Pursuant to the ADA, 42 U.S.C. § 12101 *et. seq.*, and 28 C.F.R. § 36.304, the Defendant was required to remediate the subject facility, a place of public accommodation, to be accessible to persons with disabilities. To date, Defendant has failed to comply with this mandate.

19. The remediation of barriers and accommodations sought by Plaintiff in this Complaint are readily achievable, technically feasible, structurally practicable, will not result in a significant loss of marketing and/or sales space, will not cause an undue burden on Defendant, will not alter the fundamental nature of Defendant's business, and will not pose a direct threat to the health or safety of others.

20. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

21. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby requests judgment against the Defendant

and requests the following relief:

    A. That the Court declare that the subject property and subject facility owned, operated, leased, controlled and/or administered by the Defendant is violative of the ADA;

    B. That the Court enter an Order requiring the Defendant to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order requiring Defendant to cease business operations at the subject facility for such reasonable time so as to allow the Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, and undertake and complete corrective procedures;

    D. That the Court award reasonable attorneys' fees, costs, (including expert fees) and litigation expenses, and such other and further relief of suit, to the Plaintiff; and

    E. That the Court award such other and further preventive relief as it deems necessary, just and proper.

Dated this the 10th day of August, 2015.

SUTTON FULMER

_____
John Allen Fulmer (ASB-1089-O42F)
One Chase Corporate Drive
Suite 220
Birmingham, AL 35244
Telephone: (205) 402-2100
Facsimile: (205) 402-2102
jaf@suttonfulmer.com
*Attorney for Plaintiff*